ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

KIMBERLY WISE,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY/MONEY
JUDGMENT

24 Cr. 656 (JLR)

WHEREAS, on or about November 21, 2024, KIMBERLY WISE (the "Defendant"), was charged in a four-count Indictment, 24 Cr. 656 (JLR) (the "Indictment"), with conspiracy to commit Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951 (Count One); Hobbs Act Robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Two); firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii), and 2 (Count Three); and possession of a firearm after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Indictment also included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and

ammunition involved in or used in the offense charged in Count Four of the Indictment, including but not limited to one 40 caliber Smith & Wesson semi-automatic pistol;

WHEREAS, on or about November 5, 2025, the Defendant pled guilty to Counts One, Two, and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One, Two, and Four of the Indictment and agreed to forfeit to the United States, pursuant to (i) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $89 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, and (ii) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all right, title and interest of the Defendant in the following specific property:

> a. A 40 caliber Smith & Wesson semi-automatic pistol, model SD40 VE, bearing serial number FYJ5589 (the "Firearm");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $89 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property seized from the Defendant by the Government on or about June 8, 2024, at 100 Benchley Place in the Bronx, New York, as a firearm and ammunition involved in or used in the offense charged in Count Four of the Indictment:

> a. The Firearm;
>
> b. A Smith & Wesson magazine, serial number 428222

  c. Four .40 Federal cartridges;

  d. Three .40 R & P cartridges;

  e. Two .40 S & B cartridges;

  f. Two .40 Blazer cartridges;

  g. One .40 PPU cartridge;

  h. One .40 USA cartridge; and

  i. One .40 CBC cartridge

(a. through i., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Dana R. McCann, of counsel, and the Defendant, and her counsel, Martin Cohen, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $89 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the

offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count Four of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant KIMBERLY WISE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By:  _____          2/11/26
     Dana R. McCann                            DATE
     Assistant United States Attorney
     26 Federal Plaza
     New York, NY 10278
     (212) 637-2308



KIMBERLY WISE

By:  _____          2-11-2026
     Kimberly Wise                             DATE

By:  _____          2-11-2026
     Martin Cohen, Esq.                        DATE
     Federal Defenders of New York
     52 Duane Street, 10th Floor
     New York, NY 10007

SO ORDERED:

_____               2/11/26
HONORABLE JENNIFER L. ROCHON                   DATE
UNITED STATES DISTRICT JUDGE